FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 NOV 26 PH 3:53
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SAMMIE LEE BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 112-162 |
| | ) |
| JOHN JEANES, Warden, | ) |
| | ) |
| Respondent.[1] | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] For the reasons set forth below, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite

---

[1] Warden Victor Walker was previously named as the Respondent in this action. However, Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts requires that the state officer who has custody of the petitioner should be named as the respondent when the petitioner is in custody under a state-court judgment at the time of filing the petition. Therefore, John Jeanes, the Warden at Calhoun State Prison, the facility where Petitioner is now incarcerated, is hereby substituted as the Respondent in this case. The **CLERK** is **DIRECTED** to modify the docket accordingly.

[2] Petitioner began this case by submitting an "Emergency Appeal" to the Eleventh Circuit Court of Appeals, which was forwarded to the Albany Division of the Middle District of Georgia with a notice from the Clerk stating it had been "erroneously sent" to the Eleventh Circuit. (See doc. nos. 1, 3.) In an Order dated October 10, 2012, the Honorable Thomas Q. Langstaff, United States Magistrate Judge, ordered Petitioner to recast his pleading as a petition under 28 U.S.C. § 2254 if he were seeking habeas corpus relief. (See doc. no. 6.) Petitioner then filed the instant petition pursuant to § 2254. (Doc. no. 8.) The petition was subsequently transferred to this District because Petitioner was convicted in the Superior Court of Burke County. (See doc. no. 10.)

authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motions to appoint counsel (doc. no. 7) and to proceed *in forma pauperis* ("IFP") (doc. no. 9) be **DENIED** as **MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

I.  **BACKGROUND**

In the instant § 2254 petition, Petitioner attempts to challenge his conviction for two counts of aggravated child molestation, for which he was convicted by a jury in the Superior Court of Burke County, Georgia, in June of 2004. (Doc. no. 1, p. 1.) The trial court sentenced Petitioner to a 17-year term of imprisonment, and, according to Petitioner, the conviction was affirmed on appeal by the Georgia Court of Appeals and the Georgia Supreme Court. (Id. at 1-2.) Petitioner next filed a state habeas corpus petition in the Superior Court of Telfair County, and Petitioner states that the state habeas court held an evidentiary hearing and that his petition was denied. (Id. at 4-5, 12-14.)

Petitioner then proceeded to file his first § 2254 petition, which was dated April 19, 2010, and filed by the Clerk of Court on April 28, 2010. Brown v. Walker, CV 110-057, doc. no. 1 (S.D. Ga. Apr. 28, 2010) (hereinafter "CV 110-057"). Therein, Petitioner attempted to collaterally attack the same conviction at issue here, and raised several grounds: (1) there was a lack of probable cause for his arrest; (2) the trial court erred by failing to conduct an in camera inspection of the DFCS file of one of his victims; (3) the playing of videotaped testimony violated his right to confront his accusers; (4) the testimony of an expert witness was inadmissible hearsay and violated his right to confront his accusers; (5) trial and appellate counsel were ineffective for failing to raise several of his claims; and,

2

(6) the state habeas court lacked jurisdiction over several of his claims. Id.

On May 5, 2010, this Court directed Respondent to answer Petitioner's allegations, and Respondent did so on July 12, 2010. Id., doc. nos. 3, 5. This Court then recommended, on June 14, 2011, that the petition be denied, as the claims therein were either procedurally defaulted or lacked merit. See id., doc. no. 8. Petitioner objected to the Court's recommendation, and, on July 27, 2011, the Honorable J. Randal Hall, United States District Judge, overruled Petitioner's objections, adopted this Court's recommendation as the opinion of the District Court, and dismissed that case. See id., doc. nos. 12, 13.

Petitioner next filed the instant § 2254 petition, which is now before the Court for initial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[3] In his current petition, Petitioner first reiterates the grounds for relief stated in his prior § 2254 petition, as well as alleging that the grand jury indictment was "illegally amended" and that appellate counsel was ineffective for failing to raise that issue on appeal. (See doc. no. 1.)[4]

---

[3]In pertinent part, this Rule states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

[4]As noted earlier, this case began with Petitioner's submission of an "Emergency Appeal" to the Eleventh Circuit. (See doc. no. 1.) In the instant § 2254 petition, Petitioner refers to "1:12cv-147-WLS-TO" and an attachment for his grounds. (See doc. no. 8, p. 5.) In the attachment, Petitioner then refers again to the "ground already filed" in "1:12cv147 (WLS)" when directed to state the grounds for relief. (See doc. no. 8-1, p. 2.) The Court

3

Petitioner then raises five allegations of error with respect to the disposition of his prior § 2254 petition. (See doc. no. 8-1, pp. 3-5.)

## II. DISCUSSION

### A. Judicial Notice of the Court's Documents

This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts."). As described above, within this Court's records is Petitioner's previous petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, this Court's Report and Recommendation ("R&R") addressing Petitioner's previous petition, and Judge Hall's Order adopting that R&R as the opinion of the Court. CV 110-057, doc. nos. 1, 8, 13. Pursuant to the Court's power to take judicial notice of its own records, the Court **FINDS** that Petitioner has filed a prior application for a federal writ of habeas corpus, thereby making the current application the second such petition he has filed in this Court.

### B. Second Application for a Writ of Habeas Corpus

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, states, "Before a second or successive[5] [habeas corpus] application permitted by this section is filed in the

---

presumes this means the grounds raised in the "Emergency Appeal."

[5]With limited exceptions that do not apply to this case, a petition for habeas corpus is considered "second or successive" when the petitioner's first petition has already been dismissed on the merits; the second petition is considered "second or successive" even if it is comprised of previously unexhausted claims. Burton v. Stewart, 594 U.S. 147, 153-54 (2007) (*per curiam*). In this regard, dismissal of a habeas corpus petition as procedurally

4

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[6] Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application...." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without authorization from the Eleventh Circuit Court of Appeals, the district

---

defaulted constitutes, as a matter of law, an adjudication on the merits for the purposes of § 2244(b)(3)'s second or successive petition requirements. See, e.g., Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.), cert. denied, 546 U.S. 884 (2005); Turner v. Artuz, 262 F.3d 118, 123 (2d Cir.) (per curiam), cert. denied, 534 U.S. 1031 (2001). Four of Petitioner's claims in his prior § 2254 petition were dismissed as lacking merit, and the remainder were dismissed as procedurally defaulted. See CV 110-057, doc. nos. 8, 13. As such, Petitioner's previous federal petition for a writ of habeas corpus was denied on the merits.

[6]Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

court correctly dismisses second and successive habeas corpus applications. See In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*) (affirming district court's dismissal of second § 2254 petition where petitioner had not received permission from the court of appeals to file such petition). Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider the instant petition. See id. ("Instead of filing a pleading in the district court attempting to evade the provisions of 28 U.S.C. § 2244(b), as amended, [Petitioner] should have begun by filing in this Court [the Eleventh Circuit Court of Appeals] an application seeking a certificate permitting him to file a second application in the district court, as required by § 2244(b)(3)(A). Because [Petitioner] did not obtain such a certificate, the district court correctly dismissed his habeas application . . . .").

Here, Petitioner has not stated that he has received permission from the Eleventh Circuit Court of Appeals to file a second or successive application for a writ of habeas corpus. Furthermore, this court has received no authorization to address an application such as the instant one.[7] As a result, this Court lacks authority to address Petitioner's application.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a second

---

[7]The Court is aware, as noted earlier, that Petitioner filed an "Emergency Appeal" to the Eleventh Circuit Court of Appeals. That filing, however, did not request permission to file a second or successive petition in this Court, nor did it result in Petitioner being given such permission. (See doc. nos. 1, 3.)

application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motions to appoint counsel[8] (doc. no. 7) and to proceed IFP[9] (doc. no. 9) be **DENIED** as **MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of November, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[8]The Court notes that there is no right to appointed counsel in a habeas corpus action in federal court. Under 28 U.S.C. § 2254(h), the Court has authority to appoint counsel in habeas corpus proceedings brought pursuant to 28 U.S.C. § 2254. However, such requests are discretionary with the courts, and appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987)). Moreover, "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979) (citations omitted). In sum, "[i]t is well established that indigents applying for federal or state postconviction relief, even those sentenced to death, have no federal constitutional right to counsel except in those rare cases where under the circumstances the fundamental fairness component of due process requires appointment of counsel." Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief § 2.2, at 129 (2012 ed.).

[9]Petitioner also requests to proceed under 28 U.S.C. § 1915(g) because he alleges he is in "imminent danger" at Calhoun State Prison due to the threat of assault. (See doc. no. 8-1, p. 9.) As Magistrate Judge Langstaff previously advised Petitioner, if he intends to seek relief for alleged civil rights violations, he will need to file a separate action under 42 U.S.C. § 1983. (See doc. no. 6.) In any event, petitions for habeas corpus relief are not subject to the three strikes provision of § 1915(g). See Griffin v. Waycross Judicial Circuit, CV 509-046, doc. no. 10, 2009 WL 4110203, at *1 (S.D. Ga. Nov. 24, 2009).